CARL J. RAHN, PLAINTIFF-RESPONDENT, v. HARTFORD FIRE INSURANCE COMPANY ET AL., DEFENDANTS-APPELLANTS.

Argued January 22, 1936—Decided March 26, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellants, *Arthur T. Vanderbilt* and *G. Dixon Speakman.*

For the respondent, *Joseph T. Lieblich.*

PER CURIAM.

Plaintiff has a verdict against defendants in a suit tried in the Passaic County Court of Common Pleas, on two

policies of fire insurance issued by defendants covering a frame bungalow at Dingman's Ferry, Pennsylvania, written by one Colin Black, agent of the companies for writing policies, dated June 1st, 1932, and insuring plaintiff against loss by fire to said property, to an extent not to exceed $1,500 on each policy. Each policy warranted that the assured, Carl J. Rahn, was the owner of the premises described therein. Each policy contained these provisions:

"This entire policy shall be void * * * if the interest of the insured in the property be not truly stated therein."

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership."

"No one shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement added thereto; nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added hereto."

A fire occurred on October 20th, 1932, and a total loss ensued. Claim was made for the limits of the policies, and these claims were turned over to one Robinson, an adjuster for both companies.

The principal point litigated was as to the ownership of the property. It developed that the assured had, on February 15th, 1932, executed a deed for the property to his brother, Hans Rahn, which deed was recorded on February 17th, 1932. Upon learning of this conveyance, Robinson testified he told plaintiff on November 1st, 1932, "that in view of the fact that the policy was issued in his name and the deed to the property was in his brother's name, that I could not proceed with any of the adjustment of this loss without endangering the companies as to the admission of liability, unless this non-waiver agreement was signed." which agreement plaintiff signed on November 1st, 1932.

Plaintiff asserted that, on February 18th, 1932, Hans Rahn executed a deed for the property to plaintiff, Carl Rahn, which deed was not recorded until October 24th, 1933, more than a year after the fire. It was about the validity of this deed that the case was submitted to the jury.

In this posture of proofs, the court permitted this question to be answered, over objection of defendant:

"*Q.* Now, Mr. Rahn, when you and your brother, Hans, came into Milford to see agent Black and there was a discussion with respect to the signing of a paper, what, if anything, did the agent Black say or do with respect to the company's admission or denial of liability or making payment? *A.* Mr. Black told me after I had disclosed the state of title of the property that it made no difference and that the company would settle the claims and it was after the non-waiver agreement was sent to me for signature."

Mr. Black testified for plaintiff and disclaimed any authority beyond that contained in his written "Certificate of Authority" issued by defendant The Franklin Fire Insurance Company, which was "to make, to countersign, issue and renew policies of insurance * * * when signed by the officers of said company, and to consent in writing to assignments and transfers thereof, also to collect premiums for transmission to the company." The written authority of the Hartford Company was substantially the same.

We think it was harmful error to permit this question to be answered. Despite the denial of authority by Black, and in the absence of any proof of such authority, to permit the plaintiff to testify that Black said the company admitted liability, in spite of knowledge of a failure of title in plaintiff, was equivalent to telling the jury that the defense was not made in good faith, and that the defendants conceded plaintiff's right to recover.

Nor was the question justified, as plaintiff argues, because defendant's counsel on cross-examination of plaintiff, had asked him about a conversation, on October 23d, 1932, between Black and himself. That conversation had to do with the extent of the loss, and also about the existence of a deed from Hans Rahn to plaintiff, which plaintiff testified he told Black had been executed and delivered. The question, the admission of which is assigned as error, sought to establish, not what Black thought, but that the defendants admitted liability and would settle. Being admitted after a long argument as to the authority of Black to bind defendants, it could

not fail to tend to impress the jury that the companies' defense was not substantial and in good faith.

In view of our conclusion on this ground of appeal, it becomes unnecessary to pass upon the other questions raised.

The judgments under review are reversed, and a new trial granted.